# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0406V

| | |
|---|---|
| ERIC FELLAND,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 21, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 8, 2020, Eric Felland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged the Table claim that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving the influenza vaccine on October 31, 2018. Petition at 1, ¶¶ 1, 10. On September 6, 2022, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,512.87 (representing $46,574.50 in attorney's fees, $1,938.37 in attorney's costs, and $400.00 in Petitioner's costs). Petitioner's Application for Attorneys' Fees and Costs, filed Mar. 13, 2023, ECF No. 47. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $400.00 in out-of-pocket expenses. *Id.* at 2. Respondent failed to file a response by the March 27, 2023, deadline.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 47-1. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22. *Id.* at 11. I find this hourly rate to be reasonable.

Regarding the number of hours billed, I note this case required additional briefing regarding the issue of damages. *See* Petitioner's Brief on Damages, filed June 30, 2022, ECF No. 37. Petitioner's counsel expended approximately 25.40[3] hours drafting the damages briefing. ECF No. 47-1 at 9. Compared to the hours billed by other petitioner's counsel for similar work, I find this amount of time to be excessive.[4] Petitioner's counsel should endeavor to work more efficiently in future cases.[5]

---

[3] This total is calculated as follows: 19 hours billed on 6/13/22 and 6/14/22 by Michael Milmoe at a rate of $525; 2.9 hours billed on 6/29/22 by Christopher Williams at a rate of $341; and 3.5 hours billed on 6/30/22 by Leah Durant at a rate of $441. This total amount of hours does not include time spent preparing the initial demand or supporting documentation such as affidavits or signed declarations.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton*, 3 F.3d 1518-1521. The following fee decisions can be found on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023): *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (16.00 and 11.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

[5] Attorney's fees are awarded using greater hourly rates for time billed by attorneys with significant experience and expertise in the Vaccine Program which allows them to perform quality work in an efficient manner. *See McCulloch*, 2015 WL 5634323, at 17. Additionally, inefficiencies may result from multiple attorneys working on the same case. *See Sabella*, 86 Fed. Cl. 210. In this case, the three attorneys drafting the damages brief, billed this work using hourly rates ranging from $341 to $525 per hour.

Accordingly, I will reduce the amount of hours devoted to the damages briefing by thirty percent. These across-the-board reductions (which I am empowered to adopt) fairly capture the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,752.22.**[6]

## ATTORNEY AND PETITIONER COSTS

Petitioner requests $1,938.37 for attorney's costs and $400.00 for Petitioner's out-of-pocket expenses. ECF No. 47-2. She has provided supporting documentation for all claimed costs. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $45,160.65**[7] **as follows:**

- **A lump sum of $44,760.65, representing reimbursement in the amount of $42,822.28 for attorney's fees and in the amount of $1,938.37 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Leah VaSahnja Durant; and**

- **A lump sum of $400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

---

[6] This amount is calculated as follows: (19 x $525 + 3.5 x $441 + 2.9 x $341) x .30 = $3,752.22.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
